UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JOSHUA CANALE, by his mother
and natural guardian Patricia
Othmer, and PATRICIA OTHMER,
individually,

       Plaintiffs,

- against -

MANCO POWER SPORTS, LLC and
MANCO PRODUCTS, INC.,

       Defendants.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 8/20/07

**OPINION AND ORDER**

06 Civ. 6131(PKL)

**APPEARANCES**

John E. Durst, Jr.
Jaghab, Jaghab & Jaghab, P.C.
319 Broadway, 4th Floor
New York, NY 10007

Attorney for the Plaintiffs

Andrew I. Mandelbaum
Ford Marrin Esposito Witmeyer & Gleser, LLP
Wall Street Plaza, 23d Flr
New York, NY 10005

Attorney for the Defendant

**LEISURE, District Judge:**

Plaintiffs Joshua Canale, an infant, and his mother Patricia Othmer, both citizens of New York (Comp. ¶ 1), bring this action against defendants Manco Power Sports, LLC and Manco Products, Inc., citizens of Indiana (see Compl. ¶¶ 2-5). Plaintiffs allege that Joshua was injured as a result of the defective and dangerous condition of a "go kart" manufactured by defendants (Compl. ¶¶ 15, 16), and Ms. Othmer brings a derivative cause of action. MPI Acquisition, LLC ("MPI"), which indicates that it was sued incorrectly herein as Manco Power Sports, LLC, moves to dismiss the action for lack of subject matter jurisdiction or to transfer venue to the Northern District of New York. For the reasons set forth herein, MPI's motion is denied.

## BACKGROUND

According to the complaint, Joshua Canale was injured by a go kart in Queensbury, New York. (Compl. ¶¶ 14, 15.) Plaintiffs allege that defendants were negligent in their design and manufacture of the go kart, that defendants are liable under the doctrine of strict products liability for defective design, manufacture, and warning, and that defendants violated the Consumer Product Safety Act. (See Compl.) Ms. Othmer brings a derivative claim for loss of Joshua's services and society and for damages resulting from her responsibility for Joshua's maintenance and costs. (Compl. ¶¶ 39-43.)

2

The complaint provides little detail about the injuries plaintiffs sustained. However, according to a report plaintiffs' counsel made to the U.S. Consumer Product Safety Commission, Joshua, who was six years old at the time, fractured the ring finger on his left hand when the go kart he was driving tipped over. (Notice Mot. Dismiss or Transfer Venue Ex. B.). Plaintiffs demand two million dollars in actual and exemplary damages for the first two causes of action, two million dollars in compensatory damages for the third cause of action, and $100,000 in compensatory damages for Ms. Othmer's derivative claim. (Compl. ¶ 43.) Plaintiffs assert diversity jurisdiction and federal question jurisdiction pursuant to the Consumer Product Safety Act, 15 U.S.C. 2072. (Compl. ¶¶ 6, 7.)

## DISCUSSION

### I.   Jurisdiction

This Court has diversity subject matter jurisdiction over this action if the parties are diverse and the amount in controversy exceeds $75,000. See 28 U.S.C. § 1332(a). Here, diversity of the parties is clear and uncontested: the plaintiffs are citizens of New York and the defendants are citizens of Indiana. (Compl. ¶ 1-5.) However, MPI argues that plaintiffs' damages do not exceed $75,000. Specifically, MPI argues that Joshua's injury is a broken finger and that plaintiffs cannot

recover over $75,000 for a broken finger. MPI argues so notwithstanding the damages plaintiffs claim in the complaint.

Courts in this Circuit "recognize 'a rebuttable presumption that the face of the complaint is a good faith representation of the actual amount in controversy.'" Colavito v. New York Organ Donor Network, Inc., 438 F.3d 214, 221 (2d Cir. 2006) (quoting Wolde-Meskel v. Vocational Instruction Project Cmty. Servs., Inc., 166 F.3d 59, 61-62 (2d Cir. 1999). To rebut this presumption, a defendant must demonstrate "that the complaint 'was so patently deficient as to reflect to a legal certainty that [the plaintiff] could not recover the amount alleged or that the damages alleged were feigned to satisfy jurisdictional minimums.'" Id. (quoting Wolde-Meskel, 166 F.3d at 61-62. Further, in a tort action where a plaintiff seeks unliquidated damages, "a district court should permit the case to proceed and not predetermine whether the plaintiff could recover the minimum statutory amount." Tongkook Am. Inc. v. Shipton Sportswear Co., 14 F.3d 781, 785 (2d Cir. 1994) (citing Deutsch v. Hewes Street Realty Corp., 359 F.2d 96, 99-100 (2d Cir. 1966). This rule, however, does not prohibit a district court from dismissing a case if there exists "independent evidence tending to establish that [the plaintiff's] claim was inflated solely in order to gain access to the federal courts." Deutsch, 359 F.2d 96 at 100-101.

4

Here it may be the case that, even if plaintiffs prevail fully, their recovery will fall short of the jurisdictional threshold. However, this Court is not now in a position to find as a legal certainty that the plaintiff will not be able to recover the threshold amount. MPI suggests that recoveries for an injury like Joshua's are often considerably less than $75,000. This fact on its own, though, is not a sufficient basis for this Court to find as a legal certainty that plaintiffs will not recover more here. Further, neither the Court nor, presumably, MPI is aware of any evidence indicating that plaintiffs' claim is inflated to satisfy the jurisdictional minimum. MPI has not rebutted the presumption that "'the face of the complaint is a good faith representation of the actual amount in controversy,'" Colavito, 438 F.3d at 221 (quoting Wolde-Meskel, 166 F.3d 59 at 62), and this Court will credit the amount stated in the complaint. Cf. Deutsch, 359 F.2d at 101 ("Though it may seem unlikely that plaintiff will be able to substantiate that she should recover damages in excess of [the jurisdictional minimum], on this record it is not clear to a legal certainty that she cannot do so; we ought not affirmatively decide more than that.") This Court has subject matter jurisdiction over this action.

II. Venue

MPI argues that this action should be transferred to the Northern District of New York instead of being tried in this

5

District. MPI contends that venue in the Northern District of New York would be more convenient for any potential non-party witnesses as well as for the plaintiffs themselves. MPI also argues that venue would be more convenient in the Northern District of New York because the location of the operative facts lies in that district. The location is significant, MPI argues, largely because non-party witnesses are likely to be found near the location of the incident and because "the location of . . . documents is more likely to be where the plaintiffs reside." (MPI's Mem. Further Supp. Dismissal 3.) MPI provides no further explanation of the latter point.

28 U.S.C. § 1404(a) provides that, "[f]or the convenience of parties and witnesses, in the interests of justice, a district court may transfer any civil action to any other district or division where it might have been brought." The defendant bears the burden of making a "'clear-cut showing,'" Beatie & Osborn LLP v. Patriot Sci. Corp., 431 F. Supp. 2d 367, 394 (S.D.N.Y. 2006) (quoting Miller v. Bombardier Inc., No. 93 Civ. 0376, 1993 U.S. Dist. LEXIS 13319, 1993 WL 378585, at *2 (S.D.N.Y. Sept. 23, 1993)), that a transfer would achieve the stated objectives of the statute. See D.H. Blair & Co. v. Gottdiener, 462 F.3d 95, 106 (2d Cir. 2006); Filmline (Cross-Country) Productions v. United Artists Corp., 865 F.2d 513, 521 (2d Cir.1989); Factors Etc., Inc. v. Pro Arts, Inc., 579 F.2d 215, 218 (2d Cir. 1978). The decision to

transfer venue is committed to the district court's "broad discretion." In re Cuyahoga Equip. Corp., 980 F.2d 110, 117 (2d Cir. 1992).

Some of the factors that help guide a district court's determination of whether transfer is appropriate are "'(1) the plaintiff's choice of forum, (2) the convenience of witnesses, (3) the location of relevant documents and relative ease of access to sources of proof, (4) the convenience of parties, (5) the locus of operative facts, (6) the availability of process to compel the attendance of unwilling witnesses, [and] (7) the relative means of the parties.'" D.H. Blair & Co. v. Gottdiener, 462 F.3d 95, 106-107 (2d Cir. 2006) (quoting Albert Fadem Trust v. Duke Energy Corp., 214 F. Supp. 2d 341, 343 (S.D.N.Y. 2002) (alteration in D.H. Blair & Co.). "There is no rigid formula for balancing these factors and no single one of them is determinative." Citigroup Inc. v. City Holding Co., 97 F. Supp. 2d 549, 561 (S.D.N.Y. 2000) (citing S&S Mach. Corp. v. General Motors Corp., No. 93 Civ. 3237, 1994 U.S. Dist. LEXIS 13677, 1994 WL 529867, at *7 (S.D.N.Y. Sept. 28, 1994)). "Instead, weighing the balance 'is essentially an equitable task' left to the Court's discretion." Citigroup, 97 F. Supp. 2d at 561 (quoting First City Nat'l Bank & Trust Co. v. Simmons, 878 F.2d 76, 80 (2d Cir. 1989)).

Here plaintiffs do not dispute that the action could have been brought in the Northern District of New York. Accordingly,

7

the Court addresses those factors that the parties consider sufficiently pertinent to have mentioned or addressed, namely those factors enumerated one through five in D.H. Blair & Co., 462 F.3d at 106-107.

1. Plaintiff's Choice of Forum

A plaintiff's choice of forum is generally "'entitled to substantial consideration.'" Warrick v. General Elec. Co. (In re Warrick), 70 F.3d 736, 741 (2d Cir. 1995) (quoting A. Olinick & Sons v. Dempster Bros., Inc., 365 F.2d 439, 444 (2d Cir. 1966)). However, the consideration accorded to a plaintiff's choice of forum is usually diminished where, as here, the plaintiff has chosen a forum that is neither the district of his residence nor the district in which the cause of action arose. See Halliwell v. Moran Towing & Transp. Co., No. 98 Civ. 6500, 1999 U.S. Dist. LEXIS 6316, at *2, 1999 WL 258260 (S.D.N.Y. Apr. 29, 1999); Miller v. Bombardier Inc., No. 93 Civ. 0376, 1993 U.S. Dist. LEXIS 13319, at **15-16, 1993 WL 378585 (S.D.N.Y. Sept. 23, 1993); Heyco, Inc. v. Heyman, 636 F. Supp. 1545, 1550 (S.D.N.Y. 1986). Nevertheless, this factor remains persuasive for the Court: this motion is brought at the very onset of this litigation, when little is known about how the case will develop, and a plaintiff's choice of forum "reflects one side's assessment of the balance of relevant factors." Albert Fadem Trust v. Duke Energy Corp., 214 F. Supp. 2d 341, 343 (S.D.N.Y. 2002). Thus consideration of this factor

8

inclines the Court somewhat against transfer. It is worth noting that there is no indication that plaintiffs' choice of venue is a result of forum shopping. Cf. Iragorri v. United Techs. Corp., 274 F.3d 65, 72 (2d Cir. 2001) (listing improper forum shopping reasons in a forum non conveniens context).

2. Convenience of Witnesses

The convenience of the forum for witnesses "is probably considered the single most important factor in the analysis of whether a transfer should be granted." Schnabel v. Ramsey Quantitative Sys., Inc., 322 F. Supp. 2d 505, 516 (S.D.N.Y. 2004). When weighing this factor, the Court considers the materiality, nature, and quality of each witness, in addition to the number of witnesses in each district. See Houlihan Lokey Howard & Zukin Capital, Inc. v. Protective Group, Inc., No. 05 Civ. 4741, 2005 U.S. Dist. LEXIS 32841, 2005 WL 3367044 (S.D.N.Y. Dec. 12, 2005) (citing Royal & Sunalliance v. British Airways, 167 F. Supp. 2d 573, 577 (S.D.N.Y. 2001)). The party moving to transfer venue on the ground that witnesses will be inconvenienced is obliged to "'name the witnesses who will be appearing and describe their testimony so that the court may measure the inconvenience caused by locating a lawsuit in a particular forum.'" Beatie & Osborn LLP v. Patriot Sci. Corp., 431 F. Supp. 2d 367, 396 (S.D.N.Y. 2006) (quoting Schieffelin & Co. v. Jack Co. of Boca, Inc., 725 F. Supp. 1314, 1321 (S.D.N.Y. 1989)); see Factors Etc., Inc. v. Pro Arts,

Inc., 579 F.2d 215, 218 (2d Cir. 1978) ("When a party seeks the transfer on account of the convenience of witnesses under § 1404(a), he must clearly specify the key witnesses to be called and must make a general statement of what their testimony will cover.")

MPI argues that certain broad classes of non-party witnesses may exist, and, if they do, "the location of such witnesses . . . is more likely to be where the plaintiffs reside." (MPI's Mem. Further Supp. Dismissal 3.) This speculation is a far cry from the specific and detailed information the Court needs to assess even the number of witnesses in the Northern District of New York, let alone the materiality and nature of those witnesses. Absent any information about the witnesses MPI argues will be inconvenienced by venue in this District, this consideration does not influence the Court's determination.

3. Location of Documents

MPI argues that venue in the Northern District of New York would be more convenient because it supposes that the relevant documents are likely to be where plaintiffs reside. (MPI's Mem. Further Supp. Dismissal 3.) MPI provides no further details regarding the necessary documents or their location. MPI's bald assertion is entitled to little weight. See Indian Harbor Ins. Co. v. Factory Mut. Ins. Co., 419 F. Supp. 2d 395, 402 n.2 (S.D.N.Y. 2005) ("the location of documents is entitled to little weight

unless defendant makes a 'detailed showing of the burden it would incur absent transfer'" (quoting Royal Ins. Co. of Am. v. Tower Records, Inc., No. 02 Civ. 2612, 2002 U.S. Dist. LEXIS 20109, 2002 WL 31385815, at *6 (S.D.N.Y. Oct. 22, 2002)).

### 4. Convenience of Parties

MPI, an Indiana citizen, argues that venue in the Northern District of New York would be "far more convenient . . . for plaintiffs." (MPI's Mem. Supp. Dismissal 6.) MPI does not argue that venue in the Northern District of New York would be more convenient for itself. The Court will allow the parties to make their own determinations about their own convenience. This consideration does not guide the Court's determination.

### 5. Locus of the Operative Facts

Courts traditionally give significant weight to the locus of the operative facts of a case. See, e.g., Royal Ins. Co. of Am. v. Tower Records, Inc., No. 02 Civ. 2612, 2002 U.S. Dist. LEXIS 20109, at *8, 2002 WL 31385815 (S.D.N.Y. Oct. 22, 2002). This factor is important in part because it encompasses many of the other factors a court considers when determining whether to transfer venue and is particularly meaningful when, as here, little specific information is available about factors such as the location of witnesses and other sources of proof. Typically where there is no material connection between the forum and the locus of the operative facts, this factor favors transfer. See Indian

11

Harbor Ins. Co. v. Factory Mut. Ins. Co., 419 F. Supp. 2d 395, 405 (S.D.N.Y. 2005).

Plaintiff ascribes much significance to the fact that the plaintiffs' injuries occurred in the Northern District of New York. However, this is a products liability case, and the gravamen of plaintiffs' allegations is the design and manufacture of the go kart. Thus the actual locus of the operative facts will likely be where the go kart was designed and manufactured and where decisions related to the product and its marketing were made. The defendants' principle place of business, rather than where the injuries occurred, is likely the locus of the operative facts. See Cali v. E. Coast Aviation Servs., 178 F. Supp. 2d 276, 293 (S.D.N.Y. 2001); Adams v. Key Tronic Corp., No. 94 Civ. 0535, 1996 U.S. Dist. LEXIS 19244, at **7-15, 1997 WL 1864 (S.D.N.Y. Dec. 31, 1996); Dwyer v. General Motors Corp., 853 F. Supp. 690, 694 (S.D.N.Y. 1994). However, MPI does not seek to transfer venue to Indiana, defendants' principle place of business. The locus of operative facts is in neither the Northern nor the Southern District of New York, and accordingly this factor does not influence the Court's determination.

In sum, MPI has not have not borne its burden under 28 U.S.C. § 1404(a) of showing that transfer was warranted "for the convenience of the parties and witnesses, in the interest of justice."

## CONCLUSION

For the forgoing reasons, defendants' motion is DENIED.

**SO ORDERED.**

New York, New York
August **20**, 2007

                                              _Peter K. Leisure_
                                                    U.S.D.J.