UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JOSHUA CANALE, by his mother
and natural guardian Patricia
Othmer, and PATRICIA OTHMER,
individually,

       Plaintiffs,

 - against -

MANCO POWER SPORTS, LLC and
MANCO PRODUCTS, INC.,

      Defendants.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 7|13|10

**OPINION AND ORDER**

06 Civ. 6131(PKL)

**APPEARANCES**

THE DURST LAW FIRM
John E. Durst, Jr., Esq.
319 Broadway
New York, N.Y. 10007

Attorneys for Plaintiffs

BECKER, GLYNN, MELAMED & MUFFLY, LLP
Robin L. Alperstein, Esq.
299 Park Avenue
New York, N.Y. 10171

Attorneys for Defendants

**LEISURE, District Judge:**

Plaintiffs, Joshua Canale, an infant, and his mother, Patricia Othmer, bring this motion, pursuant to Federal Rule of Civil Procedure ("Rule") 60(b), to vacate the judgment of dismissal entered by this Court on June 24, 2009 (the "June Order"). On March 11, 2008, the Honorable Theodore H. Katz, United States Magistrate Judge, found that plaintiffs repeatedly failed to comply with discovery requests; failed to respond to judicial requests for status updates on discovery; and failed to reply to an Order to Show Cause, issued on March 3, 2009, that directed plaintiffs to show cause why this action should not be dismissed with prejudice pursuant to Rule 41(b). Judge Katz held that dismissal of this case in accordance with Rule 41(b) was an appropriate sanction for plaintiffs' conduct. (See Report and Recommendation ("R&R") dated Mar. 11, 2009, Docket No. 17.) This case was dismissed with prejudice on June 24, 2009. See Canale v. Manco Power Sports, No. 06 Civ. 6131, 2009 U.S. Dist. LEXIS 55597 (S.D.N.Y. June 24, 2009). On July 21, 2009, plaintiffs filed a motion pursuant to Rule 60(b) requesting relief from this Court's June Order. For the foregoing reasons, plaintiffs' motion is DENIED.

## BACKGROUND

Plaintiffs allege that Canale broke his finger after falling out of a go-cart belonging to defendants, Manco Power Sports, LLC, and Manco Products, Inc. (together, "Manco"). The case was referred to Judge Katz for all general pre-trial purposes in September, 2008. (R&R at 1.) In the course of discovery, Judge Katz found that plaintiffs had failed to comply with the instructions of this Court "since at least the spring or summer of 2008," and failed to appear at status conferences with this Court. (Id. at 4.) In short, Judge Katz noted that "for more than six months, at the very least, [p]laintiffs have utterly thwarted the efforts of [d]efendants, and the Court, to allow discovery to proceed." (Id. at 4.)

On March 3, 2009, Judge Katz issued an Order directing plaintiffs to show cause why the case should not be dismissed with prejudice pursuant to Rule 41(b). (See Order dated Mar. 3, 2009, Docket No. 16.) "The Order directed [p]laintiffs to respond by March 9, 2009. It specifically notified [p]laintiffs that failure to show cause by that time would result in a recommendation that the action be dismissed." (R&R at 3.) Plaintiffs failed to respond to the Order, and, on March 11, 2010, Judge Katz recommended that the case be dismissed. (See id. at 7.) Finding no clear error on the face of the record, and with no objections from either party, this Court dismissed

the case on June 24, 2009.  (See Canale, 2009 U.S. Dist. LEXIS 55597, at *2.)

Plaintiffs now move for relief from the June Order in accordance with Rule 60(b)(1), or, alternatively, Rule 60(b)(6). (Pl's Mem. in Support of Mot. to Vacate Order of Dismissal and Restore Case ("Pl's Mem.") 2-3.)  Plaintiffs offer two arguments for why their motion should be granted under Rule 60(b)(1). First, plaintiffs maintain that their attorney was not aware of the Order to Show Cause, because the attorney's computer "has had three hard drive crashes . . . that caused erasure of the entire hard drive, with all email deleted."  (July 20, 2009, Decl. of John E. Durst, Jr., Esq. ("Durst Decl.") ¶ 2.) Plaintiffs allege that these computer failures may have deleted the e-mail containing notice of the Order to Show Cause.  (Id.) Second, plaintiffs argue that they should not be bound by the mistakes of their attorney.  (Id. ¶¶ 7, 17.)  Plaintiffs supplement these arguments by attempting to justify the delays in discovery, claiming that delay has provided an opportunity to "be assured that the injury is fully manifest" (id. ¶ 11), and that the delay was caused in part by the decreased interest of plaintiffs' counsel in moving the case forward.  (Id. ¶¶ 15-16.) Plaintiffs' counsel claims that because Manco is no longer in business, and no longer selling allegedly defective go-carts, "[t]he need for speed in processing the case again diminished,

since the product was already off the market." (Id. ¶ 16.)  In
addition, plaintiffs claim that they are entitled to relief
under Rule 60(b)(6) because neither they nor their attorney
willfully failed to comply with court orders.  (Id. ¶ 20.)

        Manco responds that failure to review the court's docket is
not a basis for relief under Rule 60(b).  (Def's Opp'n to Pl.'s
Mem. in Support of Mot. to Vacate an Order ("Def's Opp'n") 3.)
Manco further argues that the Electronic Case Filings Rules &
Instructions ("ECF Rules") for the Southern District of New York
specifically mandate attorney diligence in reviewing the Court's
docket, and indicate that attorneys may not rely on e-mail
notices of filings.  (Id. at 4-5.)  Manco also argues that
plaintiffs are precluded from filing a motion under both Rule
60(b)(1) and 60(b)(6) (id. at 5), but even if a motion pursuant
to Rule 60(b)(6) could be made in this case, plaintiffs have not
shown the "extraordinary circumstances" necessary to grant such
a motion.  (Id.)

**DISCUSSION**

**I. Rule 60(b)(1)**

### A.  Standard for Relief

        "The disposition of a Rule 60(b) motion rests within the
sound discretion of the District Court." Tyger v. Air Line

5

Pilots Ass'n, Int'l, No. 04 Civ. 0055, 2007 U.S. Dist. LEXIS
16057, at *5 (E.D.N.Y. Mar. 7, 2007) (citing Mendell v. Gollust,
909 F.2d 724, 731 (2d Cir.1990), aff'd, 501 U.S. 115, 111 S. Ct.
2173, 115 L. Ed. 2d 109 (1991)).  Rule 60(b) permits the court
to provide relief "based on any of six criteria: (1) 'mistake,
inadvertence, surprise, or excusable neglect'; (2) 'newly
discovered evidence'; (3) 'fraud . . ., misrepresentation, or
other misconduct of an adverse party'; (4) 'the judgment is
void'; (5) 'the judgment has been satisfied . . . or is no
longer equitable that the judgment should have prospective
application'; and (6) 'any other reason justifying relief from
the operation of the judgment.'"  Williams v. New York City
Dep't of Corr., 219 F.R.D. 78, 84 (S.D.N.Y. 2003) (quoting Fed.
R. Civ. P. 60(b)).

        Motions for relief under Rule 60(b) are disfavored, and are
reserved for exceptional cases.  United States v. Int'l Bhd. of
Teamsters, 247 F.3d 370, 391 (2d Cir. 2001) ("A motion for
relief from judgment is generally not favored and is properly
granted only upon a showing of exceptional circumstances.");
Nemaizer v. Baker, 793 F.2d 58, 61 (2d Cir. 1986) ("Since 60(b)
allows extraordinary judicial relief, it is invoked only upon a
showing of exceptional circumstances.").  "The burden of proof
is on the party seeking relief from judgment."  Int'l Bhd. of
Teamsters, 247 F.3d at 391.  A party seeking relief pursuant to

                                  6

Rule 60(b) normally must: "(1) support its motion with 'highly convincing' evidence; (2) show good cause for its failure to act sooner; and (3) prove that granting the motion will not impose any undue hardship on the other parties." Canini v. United States DOJ Fed. Bureau of Prisons, No. 04 Civ. 9049, 2008 U.S. Dist. LEXIS 24001, at *6 (S.D.N.Y. Mar. 26, 2008) (citing Kotlicky v. United States Fidelity & Guar. Co., 817 F.2d 6, 9 (2d Cir. 1987)).

Plaintiffs claim that the actions of their attorney constitute "excusable neglect" pursuant to Rule 60(b)(1). (Durst Decl. ¶ 18.) Excusable neglect is an "elastic concept," which requires an equitable determination that takes into account "all relevant circumstances surrounding the party's omission." Pioneer Inv. Serv. Co. v. Brunswick Assocs. Ltd., 507 U.S. 380, 395, 113 S. Ct. 1489, 123 L. Ed. 2d 74 (1993); In re Enron Corp., 419 F.3d 115, 122 (2d Cir. 2005); Silivanch v. Celebrity Cruises, Inc., 333 F.3d 355, 366 (2d Cir. 2003). Four factors (the "Pioneer Factors") are considered in evaluating a claim of excusable neglect: "[1] the danger of prejudice to the [non-movant], [2] the length of the delay and its potential impact on judicial proceedings, [3] the reason for the delay, including whether it was within the reasonable control of the movant, and [4] whether the movant acted in good faith." Pioneer, 507 U.S. at 395; see also Canfield v. Van Atta Buick/GMC Truck Inc., 127

F.3d 248, 249-50 (2d Cir. 1997) (applying Pioneer factors to a
Rule 60(b) motion); Cyan Contracting Corp. v. Nat'l Grange Mut.
Ins. Co., 257 F.R.D. 626, 628-29 (S.D.N.Y. 2009) (Kaplan, J.)
(same).  The four Pioneer factors do not carry equal weight.
The Second Circuit "and other circuits have focused on the third
factor: 'the reason for the delay, including whether it was
within the reasonable control of the movant.'"  Silivanch, 333
F.3d at 366 (quoting Pioneer, 507 U.S. at 395).

       "[W]here a party fails to act with diligence, he will be
unable to demonstrate that his conduct constituted 'excusable
neglect.'"  State Street Bank and Trust Co. v. Inversiones
Errazuriz Limitada, 374 F.3d 158, 177 (2d. Cir. 2004).  The
determination of whether excusable neglect exists involves
equitable concerns, but "[t]he Second Circuit consistently has
held that . . . 'the failure to follow the clear dictates of a
court rule will generally not constitute [] excusable neglect.'"
Cyan Contracting Corp., 257 F.R.D. at 628 (quoting Canfield, 127
F.3d at 250).


## B.  Application of the Rule 60(b)(1) Standard to Plaintiffs' Arguments

       All four of the Pioneer factors weigh in favor of Manco.
The Court therefore is not persuaded that plaintiffs' actions,

8

or the actions of plaintiffs' attorney, support a finding of excusable neglect.

## 1. Danger of Prejudice to the Defendant and the Length of Delay

Prejudice to defendants may be found in cases where the delay caused by plaintiffs is "lengthy and inexcusable." Canini, 2008 U.S. Dist. LEXIS 24001, *10-11. "The risk of prejudice to the nonmoving party is greatest where the moving party has allowed so much time to elapse that it would be difficult to conduct discovery or otherwise proceed with the case." Green v. Advanced Cardiovascular Imaging, No. 07 Civ. 3141, 2009 U.S. Dist. LEXIS 91207, *7 (S.D.N.Y. Sept. 30, 2009). Judge Katz found that plaintiffs unreasonably have delayed the progress of this case "since at least the spring or summer of 2008," one year before the case was dismissed. (R&R at 4). Judge Katz also found that plaintiffs "utterly thwarted" Manco's efforts to proceed with discovery for at least six months before he recommended that the case be dismissed. (Id.)

Plaintiffs have not justified the substantial delays in the prosecution of this case. Though plaintiffs repeatedly suggest that "the slow discovery progress was somewhat helpful to everyone" (Pl.'s Decl. ¶ 8), plaintiffs' repeated failure to communicate with the Court and to proceed with discovery have impeded the judicial process and have complicated discovery.

Discovery has not progressed in this case: "Plaintiffs' counsel
has failed to produce his clients for deposition, failed to make
the vehicle and accident site in issue available for inspection,
and failed to provide complete responses to outstanding
discovery responses." (R&R at 2.) Furthermore, Manco
purportedly no longer is in business, hampering the ability to
depose witnesses. (Durst Decl. ¶ 4) Thus, the court finds
plaintiffs' delay to be prejudicial to the defendants and
inexcusably lengthy.

### 2. Reasons for the Delay

The third Pioneer factor, which considers the reason for
the delay and the extent to which the delay was within the
movant's control, also is in favor of Manco.

Plaintiffs' assertion that their attorney did not receive
an electronic notice of the Order to Show Cause does not justify
the failure to reply to the Order. The ECF Rules, which govern
case filings in the Southern District of New York along with the
Federal Rules of Civil Procedure, state that it is the duty of
the attorney to check the docket regularly. S.D.N.Y.
"Electronic Case Filing Rules and Instructions," §§ 9, 10 ("It
remains the duty of the attorney for a party to review regularly
the docket sheet of the case.") (emphasis original). "[C]ounsel
who rely upon e-mailed notices of electronic filing to keep

10

abreast of their cases do so at their peril," and an alleged
"hard drive crash" is no excuse for failing to comply with court
orders. Banguah v. Rodriguez, No. 04 Civ. 7227, 2005 U.S. Dist.
LEXIS 22995, at *6 (S.D.N.Y. Oct. 06, 2005) (Kaplan, J.)
(stating that attorneys "are responsible for knowledge of what
appears on the docket sheet regardless of any e-mail failures");
see also Abu-Rub v. Jordanian Airlines, Inc., No. 07 Civ. 7888,
2009 U.S. Dist. LEXIS 91195, at *16 (S.D.N.Y. Sept. 28, 2009)
("The plaintiffs' failure to obtain and read a full copy of an
order issued by the Court . . . is a reckless way to represent
the interests of a client(s) in a litigated matter, and does not
excuse their failure to make a submission that was fully
responsive to the Court's directives.").

        Plaintiffs also argue that they should not be responsible
for the mistakes of their attorney. (See Durst Decl. ¶ 7 ("The
infant plaintiff should not be deprived of his day in Court
because of a glitch in [his lawyer's] email receipt of the
Court's Order to Show Cause.").)  However, it is well
established that a party is responsible for the actions of his
or her attorney. See, e.g., Hoodho v. Holder, 558 F.3d 184, 192
(2d Cir. 2009) ("A party who 'voluntarily chose [an] attorney as
his representative in [an] action . . . cannot . . . avoid the
consequences of the acts or omissions of this freely selected
agent.'" (quoting Link v. Wabash R.R. Co., 370 U.S. 626, 633-34,

82 S. Ct. 1386, 8 L. Ed. 2d 734 (1962))); Lamb v. Potter, No. 08
Civ. 0477, 2008 U.S. Dist. LEXIS 69740, at *4 (S.D.N.Y. Sept.
16, 2008) ("As an attorney is an agent for his client, the
client is bound by a failure of that attorney within the scope
of his agency.").

Plaintiffs cannot escape the faults of the attorney they
selected. The third Pioneer factor therefore heavily weighs in
favor of denying plaintiffs' motion for relief.

### 3. Evidence of Good Faith

The fourth Pioneer factor requires that there be evidence
of good faith on the part of the plaintiff. Pioneer, 507 U.S.
at 392. Plaintiffs offer no evidence of a good faith effort to
proceed with the case. To the contrary, plaintiffs' attorney
offers numerous statements evidencing his lack of good faith in
the prosecution of this litigation. For example, plaintiffs'
attorney states that "the usual eagerness of a plaintiff's
counsel to bring a case to trial was not present, on [his] part"
(Durst Decl. ¶ 12), and that when he was informed that "the
manufacturer [of the allegedly defective product] had gone out
of business . . . it took a bit of the steam out of [his]
concern." (Id. at ¶ 16.)

12

All four of the <u>Pioneer</u> factors militate in Manco's favor. Plaintiffs' motion for relief under Rule 60(b)(1) therefore is denied.


## II.  Motion for Relief under Rule 60(b)(6)

Plaintiffs' motion under Rule 60(b)(6) also must fail. Relief pursuant to Rule 60(b)(6) is reserved for extraordinary circumstances outside the purview of Rule 60(b)(1)-(5). <u>See</u> <u>Int'l Bhd. of Teamsters</u>, 247 F.3d at 391-92 ("[I]f the reasons offered for relief from judgment can be considered in one of the more specific clauses of Rule 60(b), such reasons will not justify relief under Rule 60(b)(6)."); <u>Nemaizer</u>, 793 F.2d at 63 ("As [Rule 60](b)(6) applies only when no other subsection is available, grounds for relief may not be mistake, inadvertence, surprise or excusable neglect."); <u>Stefanopoulos v. City of New York</u>, No. 01 Civ. 0771, 2007 U.S. Dist. LEXIS 3324, at *7-8 (E.D.N.Y. Jan. 17, 2007) (acknowledging that Rule 60(b)(6) "is reserved for grounds for reconsideration which are not already recognized in the first five subsections of Rule 60(b)").

Even if Plaintiffs could assert a motion pursuant to Rule 60(b)(6), they set forth neither the "extraordinary circumstances" nor the "extreme and undue hardship" required to prevail. <u>See</u> <u>Nemaizer</u>, 793 F.2d at 63; <u>United States v. Cirami</u>, 563 F.2d 26, 32 (2d Cir. 1977) ("It is well established . . .

that a proper case for Rule 60(b)(6) relief is only one of extraordinary circumstances . . . or extreme hardship.") (internal citations omitted). Plaintiffs fail to explain how any of their unsubstantiated justifications for failing to prosecute this case constitute either extreme circumstances or undue hardship. Plaintiffs' motion therefore is denied.

## CONCLUSION

For the foregoing reasons, plaintiffs' motion is DENIED.

**SO ORDERED.**

New York, New York
July **13** , 2010

                                      U.S.D.J.